# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

FRANK GUBANIC,

    Petitioner,

v.                                      CASE NO: 8:16-cv-1626-T-30TGW
                                              Crim. Case No: 8:08-cr-499-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to vacate his conviction. Petitioner was sentenced as an armed career criminal based on his predicate convictions. Petitioner now argues that his sentence was unconstitutional because the district court enhanced his sentence under the now-voided residual clause of the Armed Career Criminal Act (the "ACCA"). The Government argues that this claim does not satisfy the statutory criteria of § 2255(h), was procedurally defaulted, and is meritless. The Court concludes that Petitioner's Motion must be dismissed because Petitioner cannot clearly demonstrate that the Court relied on the residual clause while sentencing him as an armed career criminal.

## BACKGROUND

Petitioner was indicted in March 2009 by a grand jury for possession of ammunition after having been convicted of a felony (count one), and for possession with an intent to distribute methamphetamine within 1,000 feet of a school (count two). Petitioner entered

1

into a plea agreement with the Government on March 17, 2009, and pled guilty to one count of possession of ammunition by a convicted felon. The second count was dismissed. The Court entered judgment against Petitioner and sentenced him to 184 months' imprisonment. The Court's sentence was imposed after consideration of the presentence report ("PSR"), which recommended that Petitioner be sentenced as an armed career criminal under 18 U.S.C. § 924(e). Because Petitioner's prior convictions are relevant to these enhancements, the Court will set them out here in full:

| Case No. | Offense | Date of Offense |
| --- | --- | --- |
| CRC 88-00168CFANO-C | Robbery | January 6, 1988 |
| CRC 90-00714CFANO-C | Battery on a Law Enforcement Officer | January 11, 1990 |
| | Resisting with Violence | |
| CRC 92-04751CFANO-C | Trafficking in Cocaine | March 25, 1992 |
| | Sale of Cocaine | March 13, 1992 |
| CRC 92-19842CFANO-C | Battery on a Probation Officer | December 3, 1992 |

The PSR provides that these convictions were relied on as the qualifying predicate to enhance Petitioner's sentence. Petitioner did not object to the PSR, and did not appeal.

On June 11, 2010, Petitioner filed his first § 2255 motion which included a number of claims relating to his right to be resentenced without the ACCA enhancement which was denied.

2

On May 18, 2016, within a year of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner filed an application with the Eleventh Circuit seeking authorization to file a successive § 2255 motion. This was granted on June 15, 2016, based on his *prima facie* showing that his proposed motion contained a new rule of constitutional law now made retroactive by the Supreme Court.

Petitioner's Motion argues that his armed career criminal sentence is unconstitutional because his convictions for robbery, battery on a law enforcement officer, battery on a probation officer, and resisting with violence no longer qualify as violent felonies. Petitioner also argues that the offenses of trafficking in cocaine and sale of cocaine are regarded as a single predicate offense. So Petitioner argues he does not have three predicate qualifying felonies that occurred on separate occasions to qualify for an armed career criminal sentence.

## **DISCUSSION**

Petitioner's Motion must be dismissed because the Court concludes three of the prior convictions on which the Court relied categorically qualify as ACCA predicates. So Petitioner cannot make a *prima facie* showing that his armed career criminal sentence relied on the now-voided residual clause.

### I. Standard of Review

To warrant the filing of a second or successive § 2255 motion, a petitioner must make a *prima facie* showing to the circuit court that he has satisfied the requirements of § 2255(h). Section 2255(h) provides:

3

> A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

For a *Johnson* claim, this requires a petitioner to make a *prima facie* showing that his armed career criminal sentence may have relied on the ACCA's now invalid violent felony residual clause. *In re Moore*, 830 F.3d 1268 (11th Cir. 2016). In other words, § 2255(h) is not satisfied if:

> (1)the sentencing court record demonstrates that the sentencing court specifically identified three prior convictions as qualifying ACCA predicates under the elements or enumerated crimes clauses, or based on the "serious drug offense" provision of the ACCA; and/or (2) under binding precedent, it is clear that the prior convictions the sentencing court identified categorically qualify as ACCA predicates under the elements or enumerated crimes clauses or, alternatively, the ACCA's "serious drug offenses" provision.

*In re Rogers*, 825 F.3d 1335, 1338 (11th Cir. 2016). This threshold determination, though, is not binding on the district court, which must analyze anew whether § 2255(h) is satisfied. *In re Moore*, 830 F.3d at 1271.

## II. Analysis

Petitioner argues he was denied due process because the district court wrongfully enhanced his sentence under the residual clause of the ACCA to a mandatory minimum 15-year sentence. But the Court concludes Petitioner's motion should be dismissed because his prior convictions for robbery and two serious drug offenses alone qualify as

4

the necessary predicate convictions to be sentenced under the ACCA, so he cannot successfully satisfy § 2255(h).

### III. Whether Petitioner's predicate robbery conviction qualifies as a "violent felony" under the ACCA elements clause.

Petitioner's robbery conviction qualifies as a violent felony under the holding in *United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016). The Eleventh Circuit Court decided in *Fritts* that a Florida armed robbery conviction under § 812.13, Florida Statues, categorically qualified as a violent felony under the ACCA's elements clause. *Id.* at 944. Petitioner adopts the argument the Eleventh Circuit rejected in *Fritts,* so Petitioner's argument is foreclosed. The Court concludes that Petitioner has no *Johnson* claim as to his robbery conviction even though he believes the Eleventh Circuit Court erred in *Fritts*.

### IV. Whether Petitioner's serious drug convictions occurred on the same occasion, qualifying them as a single offense.

The ACCA requires the 15-year minimum sentence only if the three predicate convictions result from crimes "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). *See Patterson v. United States*, 423 Fed. Appx. 921, 924 (11th Cir. 2011) (holding that as long as "predicate crimes were successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA."). Petitioner argues that his convictions for trafficking in cocaine and sale of cocaine should be regarded as a single offense. But Petitioner does not dispute that both crimes are serious drug offenses. And Petitioner does not dispute that they occurred on separate occasions, since the

5

trafficking offense occurred on March 25, 1993 and the sale offense occurred on March 13, 1993. (CV Doc 12-1 at 23). Instead Petitioner argues the Court cannot consider them as separate offenses because of the law of the case doctrine and judicial estoppel. As the Court explains below, Petitioner's arguments are meritless.

**A. Whether under the law of the case doctrine Petitioner's trafficking conviction qualifies as a separate offense.**

The law of the case doctrine's purpose is "to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir.2005); *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 788(1981)). So a "decision on an issue must be followed in all subsequent trial court proceedings unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the decision is clearly erroneous and, if implemented, would work a manifest injustice." *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir.1985).

Petitioner argues the Government's response to the first § 2255 motion stated his prior drug offenses counted as a single predicate conviction under the ACCA, so they are now precluded from arguing his serious drug convictions are separate offenses. (Case 8:10-cv-01356-T-30-TGW, Doc. 6 at 9). Though the Government did assert the drug offenses "qualify as only one predicate conviction," Petitioner is mistaken that the law of the case doctrine applies because this was not an issue on which the Court ruled. (Case

8:10-cv-01356-JSM-TGW Doc. 6 at 9). Rather, the Court denied his prior § 2255 motion concluding that the requirements were unsatisfied and that he had the necessary qualifying predicate offenses under the ACCA. (CR Doc. 61). Because the Court did not determine which predicate offenses applied or how they were applied, the Court concludes the law of the case doctrine does not apply.

### B. Whether judicial estoppel prevents Petitioner's trafficking conviction from qualifying as a separate offense.

The Court concludes that the doctrine of judicial estoppel also does not apply. Judicial estoppel bars a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase. *New Hampshire v. Maine*, 532 U.S. 742 (2001). There are several factors that typically inform the decision of when to apply the doctrine of judicial estoppel: (1) whether the party's later position is "clearly inconsistent" with its earlier position, (2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled, and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id*. at 750-51.

When applying these factors to Petitioner's case, the Court concludes that judicial estoppel does not apply. Though the Government's position is now inconsistent, it did not succeed in persuading the Court to accept their original position in the prior case. The

7

Court did not even rule on this issue. (CV Doc. 12 at 22). (Case 8:10-cv-01356-JSM-TGW Doc. 6 at 9). The Government's argument does not impose an *unfair* detriment on Petitioner because the drug offenses actually occurred on separate occasions. And because the Government did not benefit from their previous argument, they do not now receive an unfair advantage by arguing the drug offenses occurred on separate occasions.

## CONCLUSION

This Court concludes that Petitioner's failed to make a *prima facie* showing under the new substantive rule in *Johnson*. Petitioner's convictions of robbery, trafficking in cocaine, and sale of cocaine are enough to qualify as the necessary predicate offenses for an ACCA enhancement.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id.

at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 4th day of August, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record